**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALFRED TRIPPETT, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAPPY CORNER HOSPITALITY GROUP LLC D/B/A MOTEK.COM<br><br>Defendant. | Case no. 1:26-cv-2483<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Alfred Trippett ("Plaintiff"), brings this action on behalf of himself and all others similarly situated against Happy Corner Hospitality Group LLC d/b/a Motek.com ("Defendant"), and alleges as follows:

2. Plaintiff is legally blind and relies on screen-reading software to access websites.

3. Defendant owns and operates the website https://motek.com (the "Website"), which offers consumers the ability to review menu offerings, place online food orders, and make dining reservations at Defendant's restaurant locations.

4. The Website contains numerous accessibility barriers that prevent blind users from independently navigating its content, reviewing menu items, placing orders, and making reservations.

5. As a result of these barriers, Plaintiff was denied full and equal access to the goods and services offered through the Website.

6. Defendant's failure to provide an accessible website violates the Americans with Disabilities Act, the New York State Human Rights Law, the New York Civil Rights Law, and the New York City Human Rights Law.

7. Plaintiff seeks injunctive relief requiring Defendant to make the Website accessible, as well as damages and such other relief as permitted by law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

13. The Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367, including claims brought under the New York State Human Rights Law, the New York Civil Rights Law, and the New York City Human Rights Law.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and Plaintiff accessed the Website from within this District.

15. Defendant directs commercial activity toward New York residents through the Website, including by offering online ordering and reservation services for its New York location.

16. A substantial portion of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

17. Plaintiff Alfred Trippett is, and at all relevant times has been, a resident of Bronx County, New York.

18. Plaintiff is legally blind and uses screen-reading software, including NVDA, to access websites and online content.

19. Defendant Happy Corner Hospitality Group LLC is a business entity that owns, operates, and/or controls the Website and maintains a restaurant location at 928 Broadway, New York, New York.

20. Defendant owns, operates, and maintains the Website located at https://motek.com.

21. Through the Website, Defendant offers goods and services to the public, including the ability to browse menu items, place online food orders, and make reservations.

22. The Website is a place of public accommodation within the meaning of the Americans with Disabilities Act.

## NATURE OF THE CASE

23. Blind individuals access websites using screen-reading software, which converts visual content into synthesized speech.

24. For such software to function properly, website content must be coded in a manner that allows text, labels, and structural elements to be programmatically determined and conveyed audibly.

25. When a website lacks proper structure, labeling, or semantic coding, screen-reading software cannot interpret the content, preventing blind users from accessing the same information and functionality available to sighted users.

26. Plaintiff uses NVDA screen-reading software to navigate websites and access online content.

27. The World Wide Web Consortium has developed the Web Content Accessibility Guidelines ("WCAG"), which are widely recognized standards for ensuring accessibility of web content to individuals with disabilities.

28. These standards require, among other things, that images include meaningful alternative text, that links and controls have accessible names, that navigation elements are properly labeled, and that all functionality is operable through a keyboard interface.

29. Defendant operates a commercial website through which consumers can review menu offerings, place online food orders, and make reservations at its restaurant.

30. However, the Website is not designed or maintained in a manner that is accessible to blind users relying on screen-reading software.

31. The Website contains numerous accessibility barriers that prevent blind users from independently navigating its content, understanding menu offerings, completing transactions, and making reservations.

32. As a result, blind individuals are denied the same opportunity as sighted users to access Defendant's goods and services online.

33. Unless Defendant remedies these accessibility barriers, blind users will continue to be excluded from full and equal access to the Website.

## **FACTUAL ALLEGATIONS**

34. Defendant owns, operates, and controls the Website and offers its goods and services to consumers throughout New York and the United States.

35. The Website functions as an online platform through which customers may browse menu items, review food offerings, place orders for pickup or delivery, and make reservations.

36. Customers rely on the Website to navigate menus, select items, input order details, and complete transactions.

37. The Website contains accessibility barriers that prevent full and equal use by blind individuals who rely on keyboard navigation and screen-reading software.

38. When visiting the Website, Plaintiff used NVDA screen-reading software and encountered barriers that prevented him from independently accessing its content and functionality.

39. Among other issues, pop-up elements appeared on the Website that were not properly announced or dismissible through screen-reading or keyboard controls, interfering with navigation.

40. Menu labels and navigation elements were not properly conveyed to screen-reading software, making it difficult for Plaintiff to understand available options or move through the Website.

41. Certain links, including links located at the bottom of the page, failed to function or did not respond when accessed through keyboard navigation.

42. In addition to Plaintiff's firsthand experience, automated accessibility testing of the Website identified numerous accessibility violations, including but not limited to:

43. Images lacking meaningful alternative text or using improper placeholder text, preventing screen readers from conveying content;

44. Interactive elements, including buttons and links, that lacked accessible names or contained empty or invalid ARIA attributes, rendering them unusable for screen-reader users;

45. Links that used vague or repetitive text without sufficient context to identify their purpose;

46. Broken "skip" navigation links and improper document structure, interfering with efficient navigation;

47. Insufficient color contrast and visual focus indicators, which impact usability and orientation;

48. Use of improper semantic markup and missing language attributes, which interfere with assistive technology interpretation;

49. PDF and embedded content lacking appropriate tagging or labeling, making such content inaccessible;

50. Keyboard navigation issues, including improper focus behavior and inability to reliably access interactive elements.

51. On or about March 9, 2026, Plaintiff visited the Website with the intention of reviewing menu offerings, placing an online food order, and making a reservation.

52. Plaintiff returned to the Website again on or about March 11, 2026 and encountered the same accessibility barriers.

53. Because of these barriers, Plaintiff was unable to independently review menu items, complete an order, or successfully make a reservation through the Website.

54. Plaintiff intends to return to the Website to utilize its services once the accessibility barriers are removed.

55. Absent remediation, Plaintiff will continue to be denied equal access to the goods and services offered through the Website.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and all others similarly situated and seeks certification of a nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure consisting of all legally blind individuals in the United States who have attempted to access the Website and who, as a result of accessibility barriers, have been denied full and equal access to the goods and services offered through the Website during the relevant statutory period.

42. Plaintiff also seeks certification of a New York subclass pursuant to Rule 23(a), 23(b)(2), and alternatively 23(b)(3), consisting of all legally blind individuals in New York State who have attempted to access the Website and who, as a result of accessibility barriers, have been denied full and equal access to the goods and services offered through the Website during the relevant statutory period.

43. The members of the proposed class are so numerous that joinder of all members is impracticable.

44. This action arises from Defendant's uniform policies and practices of maintaining a website that contains accessibility barriers preventing blind individuals from independently accessing the goods and services offered through the Website.

45. There are questions of law and fact common to the class, including whether the Website constitutes a place of public accommodation and whether Defendant's failure to maintain an accessible website violates federal, state, and local disability discrimination laws.

46. Plaintiff's claims are typical of the claims of the class because Plaintiff, like all class members, is legally blind and encountered the same accessibility barriers on the Website.

47. Plaintiff will fairly and adequately protect the interests of the class and is represented by counsel experienced in disability rights and class action litigation.

48. Class certification is appropriate under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making injunctive and declaratory relief appropriate for the class as a whole.

49. Alternatively, certification is appropriate under Rule 23(b)(3) because common questions predominate over any individual issues and a class action is superior to other methods for adjudicating these claims.

## FIRST CAUSE OF ACTION

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. Title III of the Americans with Disabilities Act prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods and services of any place of public accommodation.

50. The Website is a place of public accommodation and/or a service of a place of public accommodation within the meaning of the ADA.

51. Defendant owns, operates, and controls the Website and is therefore subject to Title III of the ADA.

52. Under the ADA, discrimination includes failing to make reasonable modifications in policies, practices, or procedures when necessary to afford access to individuals with disabilities, unless doing so would fundamentally alter the nature of the goods or services.

53. Discrimination further includes the failure to provide auxiliary aids and services necessary to ensure that individuals with disabilities are not excluded or treated differently because of the absence of such aids.

54. Widely accepted accessibility standards exist for websites, including the Web Content Accessibility Guidelines.

55. Implementing basic accessibility features, including properly labeled elements, accessible navigation, and keyboard operability, would not fundamentally alter Defendant's business and would not impose an undue burden.

56. Defendant has failed to make the Website accessible to blind users.

57. As a result, Plaintiff and similarly situated individuals have been denied full and equal access to the goods and services offered through the Website.

58. Defendant's conduct constitutes ongoing violations of the ADA.

59. Unless Defendant is required to remediate the accessibility barriers, Plaintiff will continue to suffer discrimination and irreparable harm.

60. Plaintiff is therefore entitled to injunctive relief and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

*(Violation of New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law § 292 et seq.))*

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The New York State Human Rights Law prohibits discrimination on the basis of disability in places of public accommodation.

63. The Website constitutes a place of public accommodation within the meaning of the statute.

64. Defendant owns, operates, and controls the Website and is subject to the requirements of the New York State Human Rights Law.

65. By maintaining a website that is not accessible to blind individuals, Defendant has denied Plaintiff full and equal access to its goods and services.

66. Defendant's conduct constitutes unlawful discrimination in violation of the New York State Human Rights Law.

67. These violations are ongoing.

68. Plaintiff is entitled to injunctive relief, compensatory damages, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

*(Violation of New York State Civil Rights Law,
NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))*

78. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

79. Plaintiff will serve notice of this action upon the Attorney General of the State of New York as required by New York Civil Rights Law § 41.

80. New York Civil Rights Law § 40 guarantees individuals equal access to places of public accommodation without discrimination based on disability.

81. The Website constitutes a place of public accommodation within the meaning of the statute.

82. By maintaining a website that is inaccessible to blind users, Defendant has denied Plaintiff equal access to its goods and services.

83. Defendant's conduct therefore violates the New York Civil Rights Law.

84. Pursuant to New York Civil Rights Law § 40-d, Defendant is liable for statutory damages for each violation.

**FOURTH CAUSE OF ACTION**

*(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)*

85. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

86. The New York City Human Rights Law prohibits discrimination on the basis of disability in places of public accommodation.

87. The Website constitutes a place of public accommodation within the meaning of the statute.

88. Defendant owns, operates, and controls the Website and is subject to the requirements of the New York City Human Rights Law.

89. By maintaining a website that is not accessible to blind individuals, Defendant has denied Plaintiff full and equal access to its goods and services.

90. Defendant has failed to make reasonable accommodations necessary to ensure that blind individuals can access and use the Website.

91. Defendant's conduct constitutes unlawful discrimination in violation of the New York City Human Rights Law.

92. These violations are ongoing.

93. Plaintiff is entitled to injunctive relief, compensatory damages, civil penalties, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

*(Declaratory Relief)*

94. Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

95. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Website, which Defendant owns, operates and/or controls, fails to comply with applicable laws including, but not limited to,

Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq. prohibiting discrimination against the blind.

96. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Website, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Website is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Website, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) An order directing Defendants to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

f) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

g) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

h) For pre- and post-judgment interest to the extent permitted by law; and

i) For such other and further relief which this court deems just and proper.

Dated: Manhasset, NY
March 25, 2026

GABRIEL A. LEVY, P.C.
*Attorney for Plaintiff*

***/s/ Gabriel A. Levy, Esq.***

By: GABRIEL A. LEVY, ESQ (5488655)
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel: +1 347-941-4715
Email: Glevy@glpcfirm.com